**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Elizabeth Rae Morgan, | No. CV-21-00109-TUC-JGZ |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On August 1, 2022, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation (R&R), recommending that the Court grant Plaintiff Morgan's Opening Brief, award her benefits, and reverse and remand the Commissioner's decision. (Doc. 26.) On August 15, 2022, the Commissioner filed an Objection. (Doc. 27.) Morgan responded timely. (Doc. 28.) After reviewing the R&R and considering the arguments raised in the Commissioner's Objection, the Court will overrule the Objection and adopt Judge Macdonald's R&R.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an

objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider newly raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

## BACKGROUND

The parties do not object to the Magistrate Judge's summary of the factual and procedural background. (Doc. 26 at 1–12.) Therefore, the Court does not restate the facts here and instead includes the relevant facts in its discussion of the issues presented.

## DISCUSSION

The Commissioner objects to the Magistrate Judge's R&R for two reasons. First, the Commissioner contends that the Magistrate Judge's application of the credit-as-true rule was flawed. (Doc. 27 at 2.) Second, the Commissioner argues that essential factual issues remain that create serious doubt as to whether Morgan is disabled. (*Id.* at 4–7.) For these reasons, the Commissioner contends that this Court should remand for further administrative proceedings rather than award benefits. (*Id.* at 2.)

**I.     Credit-As-True Rule**

The Magistrate Judge correctly applied the credit-as-true rule. A district court may credit evidence rejected by an ALJ and remand for an immediate award of benefits when a case meets the following three requirements:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence;
>
> (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and
>
> (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted). A court should not remand for benefits when the record, taken as a whole, leaves the "slightest uncertainty"

as to the proceeding's outcome. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Put differently, a remand for benefits is improper when the record, taken as a whole, creates a "serious doubt" as to whether the plaintiff is disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Although the Magistrate Judge did not expressly analyze whether a "slightest uncertainty" or "serious doubt" remained, the Magistrate Judge addressed the substance of these concerns. The Magistrate Judge found that (1) the record was well-developed; (2) no outstanding issue remained; and (3) "the ALJ would be required to find the claimant disabled" based on the full record. (Doc. 26 at 17.) If the ALJ is required to reach a finding of disability, then no uncertainty or serious doubt remains.

**II.    Serious-Doubt Analysis**

The record, taken as a whole, leaves no room to seriously doubt Morgan's disability. The Commissioner contends that Dr. Amado's opinion and Morgan's daily activities create a serious doubt as to whether Morgan is disabled. (Doc. 27 at 6–7.) However, the opinion of a claimant's treating physician generally has controlling weight unless there is substantial contradictory evidence. *Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017); *see also* 20 C.F.R. § 404.1527(c). And, even when there is substantial contradictory evidence, the treating physician's opinion is still entitled to deference. *Revels*, 874 F.3d at 664. In addition, a claimant completing basic daily activities can be consistent with an inability to work full time. *Garrison*, 759 F.3d at 1016.

Dr. Amado reviewed Morgan's medical file and found that she improved medically and had the ability to work. (AR 62.) However, Morgan's treating physician, Dr. Wristen, found that Morgan was incapable of even low-stress work. (AR 338.) Dr. Burger, who conducted a clinical interview with Morgan at the request of Arizona Department of Economic Security, found that Morgan's chronic medical condition impaired her ability to maintain regular attendance at work. (AR 313, 320.)

Dr. Wristen's opinion has controlling weight because Dr. Amado's opinion is not substantial contradictory evidence. *See Revels*, 874 F.3d at 664. Dr. Amado's opinion lacks

a thorough explanation, relies only on Morgan's medical records, and conflicts with the opinion of providers who treated or examined Morgan personally. *See* 20 C.F.R. § 404.1527(c) (factors to consider when deciding the weight to give a medical opinion include supportability, consistency, and whether the opinion arose from a treating or examining relationship). Further, even if Dr. Amado's opinion were substantial contradictory evidence, Dr. Wristen's opinion would still be entitled to deference. *See Revels*, 874 F.3d at 664.

Finally, Morgan's ability to walk her dog and perform basic daily activities does not undermine her claimed disability. *See Garrison*, 759 F.3d at 1016. Dr. Wristen opined that Morgan would find herself off task twenty-five percent of each workday, need hourly breaks, and miss more than four days of work each month. (AR 339.) Ms. Campos, the Commissioner's vocational expert, conceded that these limitations would prevent Morgan from maintaining competitive employment. (AR 54–55.) Morgan, however, can still focus about seventy-five percent of the time, work around her hourly breaks, and complete tasks on most days. Although these limitations prevent Morgan from working full time, they do not necessarily prevent her from walking her dog or performing basic daily tasks.

Accordingly, the Court will overrule the Commissioner's Objection and adopt the R&R.

**IT IS HEREBY ORDERED:**

1. The Commissioner's Objection (Doc. 27) is **OVERRULED**.

2. Magistrate Judge Macdonald's Report and Recommendation (Doc. 26) is **ACCEPTED** and **ADOPTED**.

3. The ALJ's Decision, which became the Commissioner's Final Decision, is **REVERSED** and **REMANDED** in accordance with this Order.

4. The Clerk of Court shall enter judgment accordingly and close its file in this action.

Dated this 22nd day of September, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge